IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND
**Baltimore Division**

| | | |
|---|---|---|
| IN RE:<br>　ANDRE SMALL<br>　　**Debtor** | *<br><br>* | Chapter 7<br>**Case No.:  20-19290** |
| CALVIN WATKINS<br><br>**Plaintiff**<br><br>Vs.<br><br>ANDRE SMALL .<br><br>**Defendant** | *<br>*<br><br>*<br><br>*<br><br>*<br><br>* | Adver No.: _____ |

## **COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT**

NOW COMES, Calvin Watkins ("Mr. Watkins" or "Plaintiff", respectfully), by and through his attorneys KIM PARKER, ESQUIRE and THE LAW OFFICES OF KIM PARKER, P.A., and files this Complaint Objecting to the Dischargeability of Debt pursuant to 11 U.S.C. 523(a)(6). For his cause of action state:

### **PROCEDURAL POSTURE**

1.　On January 14, 2020, Plaintiff filed suit against the Defendant, Andre Small, in the Circuit Court for Baltimore County. The aforementioned case is stayed due to the Defendant's bankruptcy filing.

### **JURISDICTION AND VENUE**

2.　This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157, and 11 U.S.C. § 523 and Local District Court Rule 402. This proceeding arises in and related to the above-captioned Chapter 7 case under Title 11.

## COUNT ONE- DETERMINATION OF DEBT AS NONDISCHARGEABLE

3. Plaintiff Calvin Watkins is a resident of Baltimore County, Maryland. At all times relevant herein, Plaintiff was business invitee at 3527 North Rolling Road, Suite 22, Windsor Mill, Maryland 21244 (the "Premises"). At all times relevant herein, Plaintiff was the owner of Chosen Media, Inc ("Chosen").

4. Defendant Andre Anthony Small (hereinafter "Defendant Small") is a debtor in these proceedings and purports to be a Property Manager in the State of Maryland. At all times relevant herein, Defendant Small was the sole member of Small Property Management LLC (hereinafter "Defendant" or "SPM", collectively), a Maryland Limited Liability Company.

5. On July 12, 2017, Plaintiff entered into a Commercial Lease with a S&W Arche Enterprises L L C, a dissolved Oregon Limited Liability Company to lease a commercial space at 3527 North Rolling Road, Suite 22, Windsor Mill, Maryland 21244 (the "Premises").

6. The term of the Lease was twelve (12) months, renewable in successive twelve (12) month integrals.

7. A fundamental term of the lease was for Plaintiff to have peace, quiet and enjoyment of the premises during his tenancy.

8. Defendant Small was the Property Manager of the premises. Plaintiff originally engaged with Defendant Small with regard to issues arising from the tenancy, including, execution of the lease, work orders and general upkeep at the premises.

9. From the outset, Defendant Small was combative, unprofessional, and curt, toward the Plaintiff regarding any minor issue.

10. Plaintiff complained to agents of the landlord, on numerous occasions, about Defendant's Smalls behavior. Specifically, throughout his tenancy, Plaintiff complained about the aggressive, and unprofessional way Defendant Small had been conducting himself with Plaintiff.

11. Despite the continued Complaints, Defendant Small continued his course of conduct, and escalated his behavior.

12. One example of Defendant's Small's aggressive behavior was memorialized in a January 23, 2019, correspondence to the landlord, Specifically:

> "In November, 2018, we had a representative from the Governor's Office visit to see the space where will we run our summer program because they are providing funding for the program. On that day, we were standing outside and decided to come inside and sat in the small room across from the bathroom. Mrs. Davis, from the Governor's Office, wanted to see the space. **However, she witnessed how rude and unprofessional Andre Small was to me and was very offended by his rude behavior simply because we sat in the room and recorded her telling Governor Larry Hogan how much she supported our program in the space at 3527 N. Rolling Road**. She said her office and Governor Hogan **would not feel comfortable having children in a space with a building manager like Andre Small and have them be that rude and disrespectful to children or the parents of the children in the program**. I assured her that it would not be a problem. So, if we can rent the entire space, I ask that we lease the space across the hall that is currently empty starting this summer. That way, Andre can stay on the property and work for you and not interfere with our program or the parents of the children".

13. On January 28th, 2019, Plaintiff was forced to call the Baltimore County Police Department ("BCPD"), to report that he feared for his life, after the Defendant Small, sent a threating text message that he intended on killing him.

14. Plaintiff was advised by the 911 dispatcher that he should exit the premises and wait for BCPD to arrive. After exiting the premises, Plaintiff he was confronted by the Defendant.

15. During that confrontation with Defendant Small, the Defendant then brandished a semi-automatic handgun in his right hand and then pointed that handgun at the Plaintiff and repeating that he would kill him. In fear for his life, Plaintiff made his way to the Bank of America located at 8235 Liberty Road where there was an armed security guard in order to prevent further confrontation while Defendant Small was still following him.

16. Soon thereafter Officer Dutterer ("Officer Dutterer") of the BCPD responded to the premises.

17. Officer Dutterer in the course of conducting his investigation, he spoke with the Plaintiff who was walking from the intersection of North Rolling Road and Liberty Road. Plaintiff advised Officer Dutterer that he had received a text message earlier that day from the Defendant Small who was an assistant property manager at his office location. That text message indicated that Defendant Small was going to kill Plaintiff, amongst others. Officer Dutterer was able to observe the text message stating in part, "I will kill you". Furthermore, Officer Dutterer then conducted a search through law enforcement database (MCIC) for firearms registered to the Defendant. Officer Dutterer was able to discover that the Defendant had registered, in his name, a Smith and Wesson model 4114 handgun.

18. Subsequently, Officer Dutterer and BCPD Officer Temple ("Officer Temple") spoke with Defendant Small over the phone, who indicated that he knew why the police were contacting him and did agree to meet with police at his residence in Owings Mills, Maryland. The Defendant then spoke with and did admit to sending the text message threatening to kill the Plaintiff and did turn over his handgun that he had in his possession at his residence. Defendant was subsequently placed under arrest and charged with Assault (CR § 3-203), a felony in the first-degree, Assault (CR § 3-202), a misdemeanor in the Second Degree, Firearm Use in the course of a felony (CR§ 4-204), a misdemeanor and Reckless Endangerment (CR§3-204), a misdemeanor, all in violation of Maryland law. On October 16, 2019, Defendant Small plead guilty to the offense of Assault, and that finding has not been appealed or overturned by the prescriptive period allowed by law. During sentencing, Defendant admitted the facts as stated herein.

19. Defendant engaged in malicious and intentional acts of unlawful conduct with Plaintiff, such that the Plaintiff sustained serious and permanent injuries.

20. Defendant utilized unreasonable, unlawful, and excessive force by, among other things, pulling a weapon on the Plaintiff with the intention to cause severe emotional distress to the Plaintiff, and placing the Plaintiff in fear for his life.

21. Plaintiff in no way consented to the described contact by the Defendant; in no way provoked, contributed to, or in any way presented just or reasonable cause for the Defendant to act as he did; and did nothing to contribute to the unlawful touching that the Defendant inflicted upon him.

22. The conduct of the Defendant was without legal justification and was improperly motivated by ill will and actual malice-including, but not limited to, a desire to inflict pain, suffering, and injury upon the Plaintiff.

22. As a direct and proximate result of the willful, wanton, malicious and intentional actions of Defendant, Plaintiff sustained injuries, medical bills and psychological damages.

23. Defendant falsely imprisoned the Plaintiff throughout the course of events described herein.

24. The actions of the Defendant caused Plaintiff to be unlawfully deprived of his liberty and incapable of seeking necessary medical attention.

25. As a result of the unlawful conduct described herein, Plaintiff was detained against his will and sustained injuries and damages as described herein.

26. The Defendant actions demonstrated ill will, improper motivation, evil purpose, and/or actual malice.

27 Defendant conduct was extreme, unreasonable and outrageous. Defendant, by pulling a loaded weapon, amounted to an assault of Plaintiff, while he was defenseless, without justification.

28. In engaging in the above-described conduct, Defendants' intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of Defendant's conduct.

WHEREFORE, Plaintiff demands the debt to be excepted from the general discharge under Section 727, pursuant to Section 523(a)(6) of the Bankruptcy Code, and granting such other and further relief as may be just.

        Respectfully Submitted,

        THE LAW OFFICES OF KIM PARKER, P.A.

        */s/ Kim Parker*
        _____

        Kim Parker, Esq.
        Fed Bar No.:23894
        2123 Maryland Avenue
        Baltimore, Maryland 21218
        O:410-234-2621
        F: 410-234-2612
        E:kp@kimparkerlaw.com

        COUNSEL FOR PLAINTIFF

2021-CMP-78058

## **STATEMENT REGARDING CORE AND NON-CORE PROCEEDINGS**

Pursuant to Local Bankruptcy Rule 7012-1 as Amended, Plaintiff's consent's to final entry of Orders and judgments in the underlying matter.

/s/ Kim Parker

_____

Kim Parker, Esq.

2021-CMP-78058