```
 1   IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND
 2   STATE OF MARYLAND
 3
 4         V                    Case Number 03-CR-19-000116
 5
 6   ANDREW ANTHONY SMALL
 7              REPORTER'S OFFICIAL TRANSCRIPT OF PROCEEDINGS
 8                      Guilty Plea
 9                                     Towson, Maryland
10                                     September 16, 2019
11              BEFORE:  Honorable Justin King, Associate
12                      Judge
13
14         APPEARANCES:
15
16         FOR THE STATE:
17         EVERETT BRYANT, ESQUIRE
18
19         FOR THE DEFENDANT:
20         ALAN COHEN, ESQUIRE
21
22
23         Transcribed By:
24         Randy K. Mackubin
25         Official Court Reporter
```

1          MR. BRYANT:  Everett Bryant on behalf of the

2    State, B-R-Y-A-N-T.  Your Honor, calling State versus

3    Andrew Small, 03-CR-19-000116.

4          THE COURT:  Good morning.

5          MR. COHEN:  Your Honor, good morning.  For the

6    record, Alan Cohen.  My appearance should be entered on

7    behalf of Mr. Small in this case.

8          THE COURT:  Spell both your first and last

9    names for the record.

10          MR. COHEN:  Yes, sir.  First name is Alan,

11    A-L-A-N, and last name is Cohen, C-O-H-E-N.

12          THE COURT:  Very good.  How are we proceeding?

13          MR. BRYANT:  We have reached a plea agreement.

14    However if we may approach in reference to a binding

15    plea?

16          THE COURT:  Sure.

17          (WHEREUPON, counsel approached the bench.)

18          THE COURT:  Everybody needs to come up.  You

19    need to hear this.

20          MR. COHEN:  I haven't been in this courtroom

21    in years.

22          (WHEREUPON, there was an off-the-record

23           conference.)

24          THE COURT:  All right.  What are we doing with

25    Mr. Small?

1          MR. BRYANT:  Your Honor, the agreement that we

2    had been discussing or asking the Court to bind to, the

3    Defendant would plead guilty to Count 1, which is first

4    degree assault.  Upon a finding of guilt, the State

5    would enter a nolle prose as to the balance of charges.

6    At disposition, the State would recommend a suspended

7    sentence.  The Defendant's guidelines call for a

8    sentence of three to eight years on first degree

9    assault.  However, the Defendant does not have a prior

10   record.  On probation, we would ask the Defendant be

11   ordered to forfeit a handgun which he legally owns,

12   have no contact with the victim, and complete an anger

13   management program.

14          THE COURT:  Do we have an anger management

15   program -- well, the only one we have is user

16   intervention.  Is this a domestic --

17          MR. BRYANT:  No.

18          MR. COHEN:  No.

19          THE COURT:  We don't -- so we will do it on

20   our probation form, just an anger management program.

21          MR. BRYANT:  Yes, Your Honor.

22          THE COURT:  Is there is an option -- somebody

23   took away all of my probation forms.  So condition

24   Number 33, other, complete anger management as

25   recommended.  Unless you got one.

1      MR. COHEN:  I don't have one offhand.  If they
2  can't find one, they can call me.
3      THE COURT:  What else?  How long is the
4  probation?
5      MR. BRYANT:  Your Honor, we were leaving to
6  the Court as to the length of probation.  The facts of
7  the case involve a gun pointing.  The relationship
8  between the Defendant and the victim is that the
9  Defendant was the property manager for a location where
10  the victim maintained an office space.  There were
11  contentious relations between the two of them related
12  to the tenancy.  And depending on who you talk to, the
13  other party is involved or the primary reason for those
14  --
15      THE COURT:  We are not talking about a young
16  man here.
17      MR. COHEN:  No, he is 55.
18      THE COURT:  I take that back.  He is very
19  young.
20      MR. COHEN:  I wish I was 55.
21      MR. BRYANT:  Eventually these things get to
22  the point where there is a text message which is sent
23  where the Defendant indicates that he would kill the
24  victim.  The victim then calls 911, reports this text
25  message was sent.  He is on the phone with 911 and

```
 1   attempts to leave the building.  He leaves -- when he
 2   goes to leave the building, there is a confrontation
 3   between the Defendant and him in which the Defendant
 4   pulls a gun, points it at the victim --
 5            THE COURT:  I assume the gun is licensed?
 6            MR. BRYANT:  It is.  He lawfully carried the
 7   firearm.  He turned it over to the police.
 8            MR. COHEN:  Police came to his house.  He gave
 9   them the gun.
10            THE COURT:  What are we doing, a suspended
11   sentence?  For what period of time?
12            MR. COHEN:  I don't think this guy will need a
13   million years of probation.
14            THE COURT:  I'm not talking about probation.
15   What are we looking at, five?
16            MR. BRYANT:  Your Honor, I would ask for
17   something in the guidelines to be suspended.
18            THE COURT:  Okay.  We will do five.
19            MR. BRYANT:  That is fair.
20            MR. COHEN:  That is fair.
21            THE COURT:  Five years suspended.  I'm fine.
22            MR. BRYANT:  Thank you.
23            MR. COHEN:  Thank you.
24            (WHEREUPON, proceedings resumed in open
25             court.)
```

1          THE COURT:  Mr. Bryant?

2          MR. BRYANT:  Your Honor, the plea agreement as

3   discussed is the Defendant is going to enter a guilty

4   plea as to first degree assault, which I have as Count

5   Number One.  Upon a finding of guilt, the State would

6   enter a nolle prose as to the wall of charges.  The

7   State is recommending a suspended sentence in this

8   matter.

9          On probation we would ask the Defendant

10  forfeit his firearm or the firearm seized by the

11  police; have no contact with the victim, Mr. Watkins,

12  as well as complete an anger management program.  It is

13  my understanding the Court has agreed to bind to a five

14  year suspended sentence with those terms of probation.

15         Your Honor, I can also put on record at this

16  time the Defendant does not have any prior record to

17  this point.  He is 55 years old at this current time.

18  This plea arrangement has been discussed with the

19  victim who is present today.  The victim did indicate

20  that he was okay with the plea arrangement as currently

21  constructed.

22         THE COURT:  Okay.

23         MR. BRYANT:  I have also spoken with the

24  victim regarding victim impact.  I advised him about

25  what a binding plea entails.  Because the plea itself

```
 1   is binding, it is my understanding the victim is not
 2   going to give a victim impact statement at this time
 3   but I would like to let Your Honor know that he is
 4   here.
 5            THE COURT:  Okay.  Was there any time spent?
 6            MR. COHEN:  Just one day.  There was something
 7   else also.  I apologize for not mentioning it at the
 8   bench.  Mr. Bryant and I have discussed.  The State --
 9   they are not going to be opposed to me filing a motion
10   for modification of sentence but not making any
11   affirmative recommendation on that, since this is a
12   binding plea.  I will file that.  But obviously it will
13   be up to the Court.
14            THE COURT:  Right.  Are you asking me to hold
15   it sub curia?
16            MR. COHEN:  Yes, I am, Your Honor.
17            THE COURT:  Which means you are going to
18   attach an order?
19            MR. COHEN:  Yes, sir.
20            THE COURT:  Okay.  Very good.  Would you like
21   to advise your client?
22            MR. COHEN:  Yes, sir, I would, Your Honor.
23   Mr. Small, I have entered into a binding plea agreement
24   in your case and you are going to be pleading guilty to
25   first degree assault, which carries a maximum penalty
```

1    of 25 years.  You are receiving a five year suspended

2    sentence and a period of probation which Judge King

3    feels is appropriate under the circumstances of the

4    case.

5            Additionally, you are going to have complete

6    an anger management program as a condition of your

7    probation.  You are going to have to -- the gun is

8    already in the hands of the police.  You will have to

9    agree to forfeit that.  Additionally, I'm going to be

10   filing a motion for modification of sentence that will

11   be held open; that is what sub curia means.  There is

12   no guarantee as to what will happen to that

13   modification of sentence.  Do you understand that?

14           THE DEFENDANT:  Yes.

15           MR. COHEN:  The State will nolle prose all of

16   the -- that means dismiss all of the remaining charges

17   in this case; do you understand that?

18           THE DEFENDANT:  Yes.

19           MR. COHEN:  Before His Honor Judge King can

20   accept your guilty plea, he has to know that it is

21   knowingly, freely and voluntarily given, and you

22   understand all of the rights that you are giving up.

23   So I'm going to ask you a series of questions so the

24   judge can make that determination.

25           Sir, how old are you?

1          THE DEFENDANT:  Fifty-four.

2          MR. COHEN:  How far have you gone in school?

3          THE DEFENDANT:  Bachelor's Degree.

4          MR. COHEN:  So fair to say you can read and

5    write and understand the English language?

6          THE DEFENDANT:  Yes.

7          MR. COHEN:  Are you under the influence of any

8    drugs or alcohol or prescription medication?

9          THE DEFENDANT:  No, I'm not.

10          MR. COHEN:  Are you under the influence of any

11   substance that might affect your thinking process?

12          THE DEFENDANT:  No, I'm not.

13          MR. COHEN:  It is my understanding you have no

14   record, you have never been arrested except for this

15   incident.  So you are not on parole or probation?

16          THE DEFENDANT:  No, sir, I'm not.

17          MR. COHEN:  If for some reason there was

18   something you or I didn't know about, you were on

19   parole or probation, a guilty plea could violate your

20   parole or probation and Judge King wouldn't have

21   anything to say about that or have anything to do about

22   that; do you understand that?

23          THE DEFENDANT:  Yes, sir.

24          MR. COHEN:  It is also my understanding that

25   you are a United States citizen.  If you are not a

1   United States citizen a criminal conviction could

2   result in your deportation to your country of origin

3   but my understanding is you were born here in the

4   United States?

5           THE DEFENDANT:  Yes, sir.

6           MR. COHEN:  So they can't deport you back to

7   the US.  Are you under the care of a psychiatrist or in

8   a mental institution recently?

9           THE DEFENDANT:  No, I am not.

10          MR. COHEN:  Have you ever been?

11          THE DEFENDANT:  No, I am not.

12          MR. COHEN:  Are you currently taking any types

13  of medication?

14          THE DEFENDANT:  No, sir.

15          MR. COHEN:  You understand you don't have to

16  plead guilty?

17          THE DEFENDANT:  Yes, sir.

18          MR. COHEN:  You understand you have a right to

19  a jury trial?

20          THE DEFENDANT:  Yes, sir.

21          MR. COHEN:  A jury trial would be 12 citizens.

22  They would be selected randomly from the voting rolls

23  and motor vehicle rolls of Baltimore County, do you

24  understand that?

25          THE DEFENDANT:  Yes, sir.

1        MR. COHEN:  Also, all 12 of those people if
2   the jury was selected would have to agree unanimously
3   beyond a reasonable doubt that you either were not
4   guilty or guilty; do you understand that?

5        THE DEFENDANT:  Yes, sir.

6        MR. COHEN:  If all 12 could not come to a
7   unanimous decision, that could result in a hung jury
8   being declared by the Court and the State would have an
9   option of retrying you until eventually a jury came
10  back with a unanimous verdict.

11       THE DEFENDANT:  Yes, sir.

12       MR. COHEN:  You understand that you are giving
13  up your right to a jury trial today?

14       THE DEFENDANT:  Yes.

15       MR. COHEN:  You also understand you could have
16  a right to a judge trial.  It wouldn't be Judge King,
17  but we would find another judge and a judge would
18  decide by the same standard that a jury would, beyond a
19  reasonable doubt, do you understand that?

20       THE DEFENDANT:  Yes, I do.

21       MR. COHEN:  And a judge would make that
22  decision rather than 12 people; do you understand that?

23       THE DEFENDANT:  Yes, sir.

24       MR. COHEN:  All right.  Also, you understand
25  by pleading guilty you are waiving your right to

1    confront and cross examine the witnesses.  If there was

2    a trial, a witness would take -- well, take the stand,

3    it is right up there, where that microphone is, and the

4    State would ask questions; that is known as direct

5    examination.  And I would ask questions; that is known

6    as cross-examination.  However, by pleading guilty what

7    will happen is we're going to accept the State's

8    version of this to establish the probable cause, do you

9    understand that?

10             THE DEFENDANT:  Yes.

11             MR. COHEN:  I can tell you after hearing that,

12   I have been a lawyer over 30 years, Judge King will

13   find you guilty; do you understand that?

14             THE DEFENDANT:  Yes.

15             MR. COHEN:  You understand we can't say well,

16   this is what our case would be and Judge King sits up

17   there and weighs this against that.  No.  We are going

18   to accept the statement of probable cause provided by

19   the State; do you understand that?

20             THE DEFENDANT:  Yes.

21             MR. COHEN:  And nobody will be asking any

22   questions.

23             THE DEFENDANT:  Yes, sir.

24             MR. COHEN:  You also understand you have a

25   right to call witnesses and have those witnesses

1  testify on your behalf; do you understand that?

2          THE DEFENDANT:  Yes, sir.

3          MR. COHEN:  You understand if they didn't show

4  up we could ask the sheriff to go out and pick them up,

5  do you understand that?

6          THE DEFENDANT:  Yes.

7          MR. COHEN:  You understand that I have

8  interviewed three witnesses in your case and as I'm

9  required to do as an option to the Court, I did give

10  their phone numbers to the State's attorney,

11  Mr. Bryant, so Mr. Bryant could interview them; do you

12  understand that?

13          THE DEFENDANT:  Yes.

14          MR. COHEN:  We won't be presenting any

15  witnesses in this case, do you understand that?

16          THE DEFENDANT:  Yes.

17          MR. COHEN:  You also have understand you have

18  a right to testify and you have a right to remain

19  silent?

20          THE DEFENDANT:  Yes.

21          MR. COHEN:  If you chose to testify, I would

22  ask you questions, that is direct.  Mr. Bryant, who

23  represents the State, would be able to ask you

24  questions; that is known as cross-examination.  Do you

25  understand that?

1          THE DEFENDANT:  Yes.

2          MR. COHEN:  Also understand in the State of

3  Maryland, the judge has the right to ask you questions,

4  do you understand that?

5          THE DEFENDANT:  Yes.

6          MR. COHEN:  Do you understand that by pleading

7  guilty you are giving up your right to testify, do you

8  understand that?

9          THE DEFENDANT:  Yes.

10          MR. COHEN:  You also understand that if you

11  had gone to trial and decided you didn't want to

12  testify, you wouldn't have to, do you understand that?

13          THE DEFENDANT:  Yes.

14          MR. COHEN:  I could ask for Maryland Pattern

15  Jury Instruction 3:17 which is two sentences which says

16  the jury should not consider the fact that you did not

17  testify and as a matter of fact, they can't even

18  discuss it in their deliberations; do you understand

19  that?

20          THE DEFENDANT:  Yes.

21          MR. COHEN:  The reason for that you

22  understand, there is no burden of proof on you, the

23  Defendant.  The burden of proof is on the State to

24  prove each and every element beyond a reasonable doubt.

25  Do you understand that?

1          THE DEFENDANT:  Yes.

2          MR. COHEN:  You also understand you have a

3   Fifth Amendment right to remain silent, do you

4   understand that?

5          THE DEFENDANT:  Yes.

6          MR. COHEN:  If you had gone to trial you have

7   a right to contest any constitutional, factual or legal

8   defenses.  Factual would be I didn't do it; It wasn't

9   true.  Do you understand that?

10         THE DEFENDANT:  Yes.

11         MR. COHEN:  Do you understand that by pleading

12  guilty you are giving up that right, do you understand

13  that?

14         THE DEFENDANT:  Yes.

15         MR. COHEN:  I also mean by constitutional and

16  legal, we mean whether any of your rights -- I'm not

17  saying any were violated but I'm just saying we would

18  be able to contest whether or not any of your

19  constitutional or legal rights were violated; do you

20  understand that?

21         THE DEFENDANT:  Yes.

22         MR. COHEN:  Now, by pleading guilty you limit

23  your appellate rights.  I'm going to tell you your

24  chances for success on any of those issues are slim and

25  none.  First is the jurisdiction of the Court.

1   Jurisdiction means are we in the right court to try

2   this case.  Since these events occurred in Catonsville,

3   Catonsville is in Baltimore County.  We are in the

4   correct court.  And if you raised that as an issue you

5   would be unsuccessful; do you understand that?

6               THE DEFENDANT:  Yes.

7               MR. COHEN:  Second is the competency of

8   counsel.  Are you satisfied with my services?

9               THE DEFENDANT:  Yes.

10              MR. COHEN:  Anything you asked me to do that I

11  didn't do?

12              THE DEFENDANT:  No.

13              MR. COHEN:  Anything you told me not to do

14  that I ignored you and went ahead and did it anyway?

15              THE DEFENDANT:  No.

16              MR. COHEN:  Based on the three answers you

17  have given today, I can tell you that in all likelihood

18  you would be unsuccessful.  The third ground is the

19  legality of the sentence.  As I told you, the maximum

20  penalty is 25 years on a first degree assault and a

21  significant fine.  Judge King has bound himself to

22  impose a five year suspended sentence; do you

23  understand that?

24              THE DEFENDANT:  Yes.

25              MR. COHEN:  He will give you supervised

1   probation; do you understand that?

2          THE DEFENDANT:  Yes.

3          MR. COHEN:  Therefore, the sentence is legal.

4   So if you were to raise that issue, you would be

5   unsuccessful; do you understand that?

6          THE DEFENDANT:  Yes.

7          MR. COHEN:  The last ground is whether or not

8   the plea is freely, knowing and voluntarily given.  Is

9   this plea freely, knowing and voluntarily given?

10          THE DEFENDANT:  Yes, sir.

11          MR. COHEN:  Did anyone force you, threaten

12   you, coerce you into pleading guilty in this case?

13          THE DEFENDANT:  No.

14          MR. COHEN:  Do you have any questions of me or

15   the Court about your guilty plea?

16          THE DEFENDANT:  No questions.

17          MR. COHEN:  Thank you.  Your Honor, thank you.

18          THE COURT:  I find your plea -- oh, up until

19   today, have you ever written this Court, clerk of the

20   Court, my office, the State's Attorney office, the

21   attorney's office complaining about his services?

22          THE DEFENDANT:  No, I haven't.

23          THE COURT:  I find your plea to be free and

24   voluntary and I accept it.  I find your waiver of court

25   and jury trial to be knowing and voluntary and I accept

1   it.  And finally, I find that the Defendant is pleading

2   guilty with a complete understanding of the nature of

3   the charges and the consequences of the plea.  You can

4   have a seat.

5              MR. COHEN:  Thank you.

6              MR. BRYANT:  Your Honor, on January 28th,

7   2019, Officer Dutterer responded to 3527 North Rolling

8   Road in Baltimore County in reference to a disturbance

9   involving a gun.  Officer Dutterer arrived at the

10  location and spoke with a victim, Calvert Watkins, who

11  was walking from the intersection of North Rolling Road

12  and Liberty Road.  Mr. Watkins advised Officer Dutterer

13  that he had received a text earlier that day from the

14  Defendant, Andre Small, who was a property manager at

15  his office location.  That text indicating that

16  Mr. Small was going to kill Mr. Watkins.  Officer

17  Dutterer was able to observe the text message stating

18  in part, I will kill you.  Mr. Watkins called 911 after

19  receiving that text message and then was on the phone

20  providing information and was advised to exit the

21  location.  Mr. Watkins indicated that he walked out of

22  his office and headed towards the exit of the building

23  when he was confronted by the Defendant.  During that

24  confrontation with the Defendant, the Defendant then

25  produced a semi-automatic handgun in his right hand and

1    then pointed that handgun at the victim indicating that

2    he would kill him.  Mr. Watkins then left the building

3    in fear for his life and his safety.  He went to the

4    Bank of America located at 8235 Liberty Road where

5    there was an armed security guard in order to prevent

6    further confrontation.  Police then arrived at the

7    location and had Mr. Watkins complete a witness

8    statement.

9          Officer Dutterer then conducted a search

10   through MCIC for firearms registered to the Defendant.

11   Officer Dutterer was able to discover that the

12   Defendant had a Smith and Wesson model 4114 handgun

13   registered in his name.  Officer Dutterer and Officer

14   Temple spoke with Andre Small over the phone who

15   indicated that he knew why the police were contacting

16   him and did agree to meet with police at his residence

17   in Owings Mills, Maryland.  The Defendant then spoke

18   with and did admit to sending the text message

19   threatening to kill the victim and did turn over his

20   handgun that he had in his possession at his residence.

21          All events did occur in Baltimore County,

22   Maryland.  If called to testify, witnesses would

23   identify the Defendant as the responsible party.  That

24   would be the State's case in support of the plea.

25          THE COURT:  Mr. Cohen.

1          MR. COHEN:  Pursuant to the plea agreement, no

2    additions or corrections.

3          THE COURT:  The facts are sufficient to find

4    the Defendant guilty of Count 1.  It is a binding plea

5    but I will hear from anybody that wants to say

6    anything.  Mr. Bryant?

7          MR. BRYANT:  Your Honor --

8          THE COURT:  Like I said, it is binding.

9          MR. BRYANT:  I will submit on that.

10         MR. COHEN:  I have three pieces of mitigation

11   but since it is a binding plea I will be quiet except

12   to say one thing.  I have been doing this for 30 years

13   as a defense attorney.  Mr. Small is the first client

14   that ever asked me would he be able to vote.  Never had

15   a single client ask me that question.

16         THE COURT:  Ask you what?

17         MR. COHEN:  He asked me would he be able to

18   vote after getting a conviction.  I told him no.  Never

19   had anybody ask me that question.  I thought it was

20   interesting information.

21         THE COURT:  It is indicative of the quality of

22   your client.

23         MR. COHEN:  Thank you.  I will submit.

24         THE COURT:  Anything from your client?

25         MR. COHEN:  No.  Mr. Small, do you wish to be

```
 1   heard?  He doesn't want to address the Court.
 2            THE DEFENDANT:  Nothing else.
 3            MR. COHEN:  Thank you, Your Honor.
 4            THE COURT:  All right.  Sentence of the Court
 5   is as follows:  Five years suspended.  He gets credit
 6   for one day.  One year supervised probation, all
 7   standard conditions to apply.  I will waive the fine
 8   but he will pay the Court costs through probation.
 9   Same with supervision fee, as well as the CICF costs
10   all through probation.  He will have no contact with
11   the victim whose name is?
12            MR. BRYANT:  Calvin Watkins.
13            THE COURT:  And he will complete an anger
14   management course as directed by Parole and Probation.
15            The handgun that was seized will be forfeited
16   to the appropriate forfeiting authority.  Anything
17   else?
18            MR. BRYANT:  That is it, Your Honor.  Thank
19   you.
20            THE COURT:  All right.  That is what you were
21   looking at me about?
22            MR. BRYANT:  Yes.
23            THE COURT:  Mr. Cohen?
24            MR. COHEN:  The only other thing I would say,
25   I will file a motion for modification with an order.
```

1          THE COURT:  Yes.

2          MR. COHEN:  And --

3          THE COURT:  File it with that order.

4          MR. COHEN:  Yes.

5          THE COURT:  Would you advise him as to his

6    post trial rights, including a three judge panel.

7          MR. COHEN:  Yes.  Thank you.  Mr. Small, you

8    have the right to file a motion for new trial.  If you

9    do so you would have to file it in writing within 10

10   days.  You have a right to file a motion for

11   modification and/or reduction of sentence which I will

12   file on your behalf.  It has to be filed in 90 days.

13   This Court has agreed to hold the motion sub curia.  No

14   promises have been made what will happen to that.  Do

15   you understand that?  It will be up to you to do

16   everything you are supposed to do that puts this Court

17   in a position to consider that motion; do you

18   understand that?

19          THE DEFENDANT:  Yes.

20          THE COURT:  If I'm to consider it, he has to

21   successfully complete his probation.

22          MR. COHEN:  Absolutely, Your Honor.  You also

23   have a right to file an application for leave to appeal

24   on the four limited grounds which I mentioned to you.

25   That must be filed in writing and that must be filed

```
 1  within 30 days.  I would not file that for you.  I
 2  would advise you not to file that.  The panel could
 3  increase your -- Judge King would not be a part of that
 4  panel but he could tell the panel why he did what he
 5  did.  And they could actually keep it the same, lower
 6  it or raise it.  So you don't want to file that motion.
 7  And the last right --
 8           THE COURT:  90 days, 30 days to appeal, ten
 9  days for new trial, you got all that?
10           MR. COHEN:  Yes, sir.
11           THE COURT:  All right.
12           MR. COHEN:  Thank you.  I will ask you to take
13  a seat.  You will have some paperwork to sign.
14           MR. BRYANT:  Your Honor, thank you.
15           MR. COHEN:  Thank you.
16           (Trial recessed.)
17
18
19
20
21
22
23
24
25
```

<u>REPORTER'S CERTIFICATE</u>

     I, Randy K. Mackubin, an Official Court Reporter of the Circuit Court for Baltimore County, do hereby certify that I transcribed stenographically the proceedings in the matter of State versus Small, Case Number 03-CR-19-000116 on September 16, 2019.

     I further certify that the foregoing pages numbers one through 23 constitute the official transcript of proceedings as transcribed by me to the within typewritten matter in a complete and accurate manner.

     In Witness Whereof, I have hereunto subscribed my name this 6th day of January 2020.

Randy K. Mackubin
Official Court Reporter